BOND, guardian, *et al. v.* CURD *et al.*

Construing the will in question, the executors were authorized to manage and control the realty during the mental incapacity of a legatee named; and it was not error to refuse an injunction to prevent them from interfering with the possession of that legatee's guardian.

No. 6353. AUGUST 16, 1928.

Petition for injunction. Before Judge Pittman. Murray superior court. November 1, 1927.

Mrs. Martha T. Douglas executed a will on May 12, 1925, and died June 11 next ensuing. The will was duly probated, and James L. Curd and Joe E. Curd qualified as executors. The testatrix left one son, Clarence H. Douglas, who had been an inmate of the Georgia Insane Asylum since April 5, 1923. Items of the will here material were: (3) "I will and bequeath and devise all of my

property, both real and personal, to my son Clarence H. Douglas, the real estate consisting of 130 acres, more or less, in lots Nos. 207 and 228 in the 10th district and 3rd section of Murray County, Ga." (5) "My son Clarence H. Douglas has $600.00 in the 1st National Bank of Dalton, Ga., deposited in my name; and if he never gets able to use it, it is my will that it be used for his burial expenses, and on our graves and it is my will that he has a nice monument. I want my son to have some money every year if he needs it; and if he never is able to return home to live, I want him to be allowed to come home when he wants to come." (6) "It is my will that the farm be kept up and the taxes paid out of the rents, and what rents are left over put in the 1st National Bank of Dalton, Ga., to the credit of my son, to be used by him as he may need it, and that the personal property such as corn, hay, fodder, live stock, farming tools, if any I may have, be sold and proceeds of sale deposited in above-named bank to credit of my son." (7) "I will that the lands be not sold during the lifetime of my son, unless it be determined that he will not recover sufficiently to take charge, in which event, and in the event that the lands should go down and the buildings deteriorate, it is my will that the lands be sold, either at public or private sale as my executor may best decide, and proceeds of sale to be deposited in the above-named bank to the credit of my son and to be used by him as outlined in item five above." (9) "I will that if my son should die without bodily heirs, whatever property of every kind whatsoever might be left after the provisions of item five have been carried out be divided equally or among my brothers and sisters, viz.: Eliza Petty, Mary F. Shields, Lela Lackey, Will Lackey, May Curd, and Sam S. Lackey."

On August 3, 1925, shortly after the death of the testatrix, Paul H. Bond was appointed guardian of the person and property of Clarence H. Douglas. On September 17, 1927, Paul H. Bond as guardian, and certain of the persons designated in item 9 of the will to take in remainder in the event Clarence H. Douglas should die without bodily heirs, instituted an action against the executors for an accounting, and for removal of the executors, and to compel them to immediately surrender control of the property to Paul H. Bond as guardian, and to enjoin them from interfering with the guardian's possession of the realty. The defendants filed an

answer admitting some of the allegations of the petition and deny-
ing others, and setting up that under the terms of the will they
had the right to the custody and control of the realty and that they
were acting as executors under a good and sufficient bond. After
hearing evidence the court ordered "that the prayers of the within
petition be denied, conditioned, however, upon the executors of said
estate renting said lands to Sam Lackey, a remainderman, for the
year 1928, at customary rentals. If they fail and refuse to do the
same, then and in that event the prayers of the petition are granted,
and injunction granted as prayed and guardian ordered entitled to
the possession of said lands." The plaintiffs excepted to the order
"denying the injunction," and assigned "the same as error as being
contrary to law."

R. Noel Steed and J. A. McFarland, for plaintiffs.

C. N. King, for defendants.

ATKINSON, J. On the issue of the plaintiffs' right to injunction
the controlling question depends upon the authority of the execu-
tors, under a proper construction of the will, to manage and con-
trol the property during the life of Clarence H. Douglas. So much
of the will as is material to this question is to be found in items
three, five, six, seven, and nine of the will, which are set out in the
statement of facts. Under a proper construction the executors were
authorized to manage and control the realty at least during the in-
capacity of Clarence H. Douglas; and the order of the court was
not erroneous in so far as it refused a temporary injunction.

*Judgment affirmed. All the Justices concur.*